IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMADO PUJOLS-SANCHEZ, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | NO. 14-3734 |
| | : | |
| WEXXAR PACKAGING, INC. | : | |
| d/b/a IPAK MACHINERY, | : | |
| A DIVISION OF WEXXAR | : | |
| PACKAGING, INC., et al., | : | |
| Defendants | : | |

# M E M O R A N D U M

**STENGEL, J.**                                                              **August 14, 2014**

On May 28, 2014, Amado Pujols-Sanchez brought this action against Defendant Wexxar Packaging, Inc., and Defendant Pro Mach, Inc., in the Court of Common Pleas of Philadelphia County. He alleges negligence, strict liability, and breach of warranties against both defendants stemming from a work injury on October 15, 2012. Defendant Wexxar removed the action here based on diversity of citizenship pursuant to 28 U.S.C. § 1441(b). The plaintiff filed a timely motion to remand claiming that Wexxar had failed to obtain Pro Mach's consent to removal. For the following reasons, I will deny the motion to remand.

## I. BACKGROUND

Mr. Amado Pujols-Sanchez, a resident of Reading, Pennsylvania, worked as a laborer for Farmer's Pride, a poultry-farming processing plant in Fredericksburg, Pennsylvania. On October 15, 2012, he was working in the Packing & Sealing Department on a machine known as the Automated Bi-Directional Flange Sealer

Machine. Unfortunately, he was "seriously injured when his left hand and fingers got caught, crushed, amputated, and lacerated by the discharged conveyor" of the machine. His injuries are allegedly serious and permanent.

Mr. Pujols-Sanchez is suing Defendant Wexxar Packaging, a Canadian corporation, which designs, manufactures, produces, and sells automated packing machinery including the Automated Bi-Directional Flange Sealer Machine. Defendant Wexxar supplied the machine involved in the accident. In addition, the plaintiff is suing Defendant Pro Mach, an Ohio corporation, which is also in the business of the design, manufacturing, production, and sales of automated packing machinery. The complaint alleges that Pro Mach is the parent corporation of Wexxar. The complaint also alleges that both defendants designed and manufactured the machine in question and they both participated in the installation and configuration of the machine for the plaintiff's employer.

## II.  STANDARD

Federal courts are of limited jurisdiction, and may only decide cases consistent with the authority afforded by the Constitution or statute. <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 378 (1994). Title 28 of the United States Code, Section 1332(a)(3) provides that

> "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states and in which

>  citizens or subjects of a foreign state are additional parties."[1]

Pursuant to 28 U.S.C. § 1441(a),

> "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending."

See also City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163-164 (1997). A defendant seeking removal of such an action must file a notice of removal with the district court within thirty days of service of the complaint upon the defendant. See 28 U.S.C. § 1446(b)(1). When a civil action is removed under Section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action. See 28 U.S.C. § 1446(b)(2)(A). If defendants are served at different times, however, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal. 28 U.S.C. § 1446(b)(2)(C). Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." In re Briscoe, 448 F.3d 201, 217 (3d Cir. 2006). As the party asserting jurisdiction, the defendant has "the burden of showing at all stages of the litigation that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).

---

[1] I note that Defendant Wexxar is a foreign corporation with a principal place of business in British Columbia, Canada.

**III. DISCUSSION**

Mr. Pujols-Sanchez argues that the removal of this action was procedurally defective because Defendant Pro Mach did not join the Petition to Remove and did not file a consent to the removal within thirty days of service of the complaint upon the defendant.  See 28 U.S.C. § 1446(b)(1).  He contends that Defendant Pro Mach had thirty days from the date of service of the complaint, i.e., from June 2, 2014, to consent for removal, and now that time has expired.  I do not agree.

In 1999, the Supreme Court of the United States clarified the time within which a defendant in a state court action may seek removal.  Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999).  The Court held that a "courtesy copy" of a file-stamped complaint faxed to the defendant was not sufficient to trigger the defendant's obligation to remove the case, if at all, within thirty days.  The Court noted that, "service of process . . . is fundamental to any procedural imposition on a named defendant."  Murphy Bros., 526 U.S. at 350.  Accordingly, only after a plaintiff has rendered proper service is a defending party obligated to take action.  Id.

In the past, many courts adopted the "first-served defendant" rule which provided that an earlier-served defendant who did not seek removal within thirty days of being served has waived its right to do so.  Those defendants were precluded from consenting to a later-served defendant's notice of removal.  In contrast, other courts began to adopt the "later-served defendant" rule where each defendant to an action is entitled to thirty days after service to remove an otherwise removable action and all defendants can consent to that removal, even if their own thirty-day periods have expired.  After

4

examining the circuit split, the Third Circuit Court of Appeals recently adopted the "later-served defendant" rule, granting each individual defendant thirty days to file a notice of removal beginning when that particular defendant is served.  <u>Delalla, et al. v. Hanover Insurance, et al.</u>, 660 F.3d 180, 184 (3d Cir. 2011).  The court held that "by protecting each defendant's right to removal without regard to whether other defendants were served earlier, the later-served rule thus removes the incentive for 'unfair manipulation by delaying service on defendants most likely to remove.'"  <u>Id.</u> at 187 (quoting <u>Destfino v. Reiswig</u>, 630 F.3d 952, 955 (9th Cir. 2011)).

Here, Defendant Pro Mach was served with the complaint on June 2, 2014.  <u>See</u> Document #5-1.  It had until July 2, 2014 to remove the case to federal court.  It did not.  Even before it was served, Defendant Wexxar removed the case here, but had only secured Defendant Pro Mach's verbal consent which is insufficient.  That triggered the plaintiff to file his motion to remand based on the procedurally defective removal.  Nevertheless, because Defendant Wexxar was not served with the complaint until June 23, 2014, it still had until July 23, 2014 to file an amended notice of removal.[2]  Defendant Wexxar filed such a notice on July 11, 2014, and on the same day, Defendant Pro Mach filed its Notice of Consent for Removal.  Applying the "later-served" rule, adopted by this circuit, I find that removal was proper.  Accordingly, I will deny the plaintiff's motion to remand in its entirety.

An appropriate Order follows.

---

[2] I note that a notice of removal can be amended freely within the thirty day period provided for by 28 U.S.C. § 1446(b).  <u>See</u> <u>USX Corp. v. Adriatic Ins. Co.</u>, 345 F.3d 190, 205 n. 13 (3d Cir. 2003).